**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALI MOHAMED ALSHAMI, | No. 12-73663 |
| Petitioner, | Agency No. A044-885-375 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2014[**]
San Francisco, California

Before: WALLACE and GOULD, Circuit Judges, and HUCK, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for the Southern District of Florida, sitting by designation.

Ali Mohamed Alshami petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his application for asylum, withholding, and deferral of removal under the Convention Against Torture ("CAT"). Alshami is a Yemeni native and was a member of the Yemen Democratic Republic's Socialist Party (the "Party"). While in Yemen, Alshami served as a professor for the Party and as a member of its executive committee, in which role he executed the orders of higher committees. In 1993, Alshami was injured in a bazooka attack at the home of his politically active uncle. Alshami testified that the attack came from a "police vehicle," but he was unable to identify the attackers. After the 1993 attack, Alshami waited two years, without incident, before moving to the United States to work at his father's supermarket. Alshami remained in the United States until 2003 when he returned to Yemen, where he got married and fathered a child. While driving in Yemen with his cousin, Alshami was injured in a second bazooka attack. Alshami believes the attackers were members of Yemen's government security (the Republican Guard) but offers no objective testimony to substantiate his claim. Subsequently, Alshami left Yemen again without interference from the Yemeni government.

Several years later, Alshami was convicted of rape while living in California. He was sentenced to six years imprisonment, and in 2007, the Department of Homeland Security ("DHS") initiated removal proceedings against Alshami for being an alien convicted of an aggravated felony. In 2009, the Immigration Judge ("IJ")

ordered that Alshami be removed to Yemen. Alshami appealed the IJ's decision to the BIA. The BIA agreed with the IJ's decision. Alshami then petitioned this court for review of the BIA's decision. *See Alshami v. Holder*, No. 10-70842. This court remanded to the BIA because of an incomplete administrative record. On remand, Alshami filed a Motion to Reopen and submitted a Form I-589 application for Asylum, Withholding, and Deferral of Removal based on changed conditions in Yemen. The BIA granted the Motion to Reopen and remanded to the IJ to allow Alshami to perfect the I-589 application based on his fear of being tortured upon returning to Yemen.

At the hearing, the IJ found Alshami's testimony to be credible but held there was insufficient evidence to establish that Alshami's return to Yemen would more likely than not result in Alshami being tortured. Alshami appealed the IJ's decision to the BIA, which agreed with the IJ's judgment and reasoning. Alshami now petitions the court for review of the BIA's decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and deny the petition.

When reviewing a decision denying CAT protection, the court applies a "substantial evidence" standard to the BIA and IJ's factual findings.[1] *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). Under the substantial evidence

---

[1] The court reviews both decisions because the BIA "expressed agreement" with the IJ's reasoning. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013).

standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992); *Zehatye*, 453 F.3d at 1185. Thus, the issue for this court is whether substantial evidence exists to support the BIA's decision rejecting probable torture. Based on the record, we conclude that there is substantial evidence to support the BIA's conclusion that Alshami has not established that it is more likely than not he would be tortured upon his return to Yemen.

Prior to the 1993 attack at his uncle's home, Alshami had never been attacked, harassed, or threatened by the Yemeni government. There is no evidence to compel a finding that it was Alshami—who was not politically active at the time— rather than his uncle who was the target of the attack. After the 1993 attack, Alshami spent two more years in Yemen, during which he was not attacked, harassed, or threatened. In 1995, Alshami left Yemen without interference from the Yemeni government, and he was admitted to the United States as a legal permanent resident. When asked by DHS's attorney whether his "primary reason for leaving at the time [was] to help [his] father with his store," Alshami answered, "Yes." Alshami offered no testimony of involvement in Yemeni politics between 1995 and 2003. In 2003, he returned to Yemen without interference from the government. Although he was injured in a

bazooka attack on the trip, he offered no objective testimony to support his belief that the Yemeni government was involved.

No reasonable adjudicator would be compelled to come to a different conclusion on Alshami's CAT claim than did the IJ and the BIA. Alshami has not carried his heavy burden.

**PETITION FOR REVIEW DENIED**.